Xiu Min **WANG**, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General GONZALES,[1] Respondent.**

No. 03–4371.

United States Court of Appeals, Second Circuit.

Nov. 15, 2005.

---

1. Pursuant to Federal Rule of Appellate Pro-    cedure 43(c)(2), Attorney General Alberto R.

Yee Lin Poon, Jay Ho Lee, New York, New York, for Petitioner.

William J. Leone, Acting United States Attorney for the District of Colorado, Elizabeth A. Weishaupl, Assistant United States Attorney, Denver, Colorado, for Respondent.

Present: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby GRANTED.

Xiu Min Wang, through counsel, petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of either a motion to reconsider or a motion to reopen for abuse of discretion. *See Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Zhao v. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). When considering motions to reopen, the BIA has an obligation to consider the "record as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Id.* at 97.

In this case, the BIA erred when it did not fully consider the impact of Wang's U.S. born child on her asylum claim. The BIA did not mention Wang's claim that she would be subject to forced sterilization because she gave birth to a child in the United States. There is some evidence in the record that Wang will be subject to the

family planning policy even though her child was born in the U.S. This Court has addressed the issue of whether a U.S. born child can be a sufficient basis for asylum in *Huang v. INS*, 421 F.3d 125 (2d Cir.2005). Although this Court ruled against Huang, this Court remarks in a footnote that, "... the BIA apparently assumed, without specifically deciding, that a Chinese national can support an asylum claim with evidence of children born to him after his illegal entry into the United States. We do likewise...." *Id.* at 128, fn.

In light of the footnote in *Huang,* and Wang's submission of supporting documentation, this Court should remand the case to the BIA for further consideration. The BIA should have made a determination as to the validity of Wang's new claim, and the Board should have explored whether Wang's new claim would change the outcome of her case. The BIA failed to discuss all of the claims Wang asserted in her motion to reopen, and this was an abuse of discretion. The BIA's decision denying Wang's motion to reopen is "devoid of any reasoning" and "contains only summary or conclusory statements" that should be considered on remand. *Kaur v. Board of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir.2005).

Accordingly, the petition is granted, and the case is remanded to the BIA.