**Gao Yu CHAI, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 03–40281AG.

United States Court of Appeals, Second Circuit.

Dec. 13, 2005.

———

Wendy Tso–Horiuchi, New York, New York, for Petitioner.

Margaret M. Chiara, United States Attorney for the Western District of Michigan; Andrew Byerly Birge, Assistant

United States Attorney, Grand Rapids, Michigan, for Respondent.

Present: Hon. John M. WALKER, Jr., Chief Judge, Hon. Guido CALABRESI, and Hon. Rosemary S. POOLER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Gao Yu Chai ("Gao"), through counsel, petitions for review of the BIA order denying Gao's motion to reopen the BIA's decision affirming the immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision under an abuse of discretion standard. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). When considering motions to reopen, the BIA has an obligation to consider the "rec-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

ord as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Id.* at 97.

As the government concedes, the BIA abused its discretion by denying Gao's motion to reopen on the basis of an erroneous legal standard. In a motion to reopen, the petitioner must establish *prima facie* eligibility for asylum; however, this means only that the petitioner must show a "realistic chance" that she can establish that she is entitled to relief. *Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005) (citing *Jian Lian Guo v. Ashcroft,* 386 F.3d 556, 563–64 (3rd Cir.2004)). Thus, on her motion to reopen removal proceedings, Gao bore only the burden of showing a "reasonable likelihood" that she could prove a well-founded fear of persecution under China's family planning policy, in light of her changed circumstances. *Guo,* 386 F.3d at 563. Therefore, upon remand, the BIA must analyze Gao's claim according to the proper legal standard, taking into consideration the evidence presented by Gao relevant to country conditions and the likelihood of being subjected to the coercive family planning policy.

Although we express no view as to the merits of petitioner's motion to reopen, we note that this case is easily distinguishable from *Jian Xing Huang v. INS,* 421 F.3d 125 (2d Cir.2005). That case held that the applicant, the husband of a Chinese woman who was pregnant with their second child, failed to establish that he had a well-founded fear of future persecution under China's coercive population control program because: (1) the record indicated that Fujian has a relatively lax family planning policy, permitting a second child if the first child is a girl; and (2) the country condition report indicated no re-

ports of any national policy with regard to foreign-born children, that couples returning to China with more children than permitted were "at worst, given modest fines," and the BIA was entitled to rely on such reports "so long as in doing so it did not overlook any contradictory evidence directly presented by the petitioner." *Id.* at 128–29. Here, the applicant is the mother herself who is pregnant with her *third* child, and she and her husband *already have a son.* Thus, although Gao is also from Fujian province, she seemingly would not be protected by any lax family planning policy permitting a second child. Furthermore, Gao submitted, *inter alia,* an article reporting that a Chinese woman who became pregnant in Australia was deported to China, only to have her eight-month-old fetus aborted upon arrival, and a report stating that a woman who became pregnant outside of China with her third child returned, only to have her husband's business confiscated when she refused to submit to an abortion. Clearly, these consequences are more substantial than the "modest fees" the Court refers to in *Huang.*

For the foregoing reasons, the petition for review is GRANTED, the BIA's July 2003 decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.