SU YING WEN, Petitioner,

v.

U.S. ATTORNEY GENERAL,
Respondent.

No. 07–3915–ag.

United States Court of Appeals,
Second Circuit.

June 25, 2008.

Tina Howe, New York, N.Y., for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle G. Latour, Assistant Director; Michelle Y.F. Sarko, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Su Ying Wen, a native and citizen of the People's Republic of China, seeks review of the August 17, 2007 order of the BIA denying her motion to reopen. *In re Su–Ying Wen,* No. A77 354 404 (B.I.A. Aug. 17, 2007). We assume the

parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ We conclude that the BIA did not exceed its allowable discretion in denying Wen's motion to reopen. The BIA properly found that the motion was untimely as it was filed in February 2007, long after the 90–day deadline following the agency's May 2004 final administrative order had passed. *See* 8 C.F.R. § 1003.2(c)(2).

■ The BIA also properly found that Wen's motion did not qualify for the changed country conditions exception set forth at 8 C.F.R. § 1003.2(c)(3)(ii). The only evidence that Wen submitted in support of her motion to reopen was a copy of her marriage certificate and copies of her children's birth certificates. It is well-settled that the birth of U.S. citizen children is evidence of changed personal circumstances and is insufficient to show changed country conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005); *Wei*

*Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir.2006). Wen's argument that the BIA erred by failing to consider the "impact" of her two U.S.–born children does not explain how that "impact" equates to changed conditions in China. Thus, the BIA properly found that she did not demonstrate changed country conditions that would excuse the late-filing of her motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Kaur*, 413 F.3d at 233–34.

■ Wen's citation to 8 C.F.R. § 208.4(a)(4)(i)(B) and argument that her motion is exempt from the time bar governing motions to reopen because of a change in "applicable U.S. law" is unavailing. Because Wen's motion to reopen was untimely, only changed country conditions could justify reopening. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Section § 208.4(a)(4)(i)(B) applies to asylum applications, not motions to reopen. Even if a change in law could merit reopening, *see, e.g., Matter of G–D–*, 22 I. & N. Dec. 1132, 1133–34 (BIA 1999), Wen demonstrated no such change. To support her argument, Wen primarily cites unpublished summary orders from 2005, in violation of Second Circuit Local Rule § 32.1.[1] Moreover, those cases have no precedential effect, and do not support Wen's argument regarding a change in the law.[2] Wen's citation to a published decision, *Tian Ming Lin v. U.S. Dep't of Justice*, 473 F.3d 48, 54 (2d Cir.2007), is also unavailing. In that case, we remanded to the agency for consideration of new evidence suggesting

---

1. Wen cites to *Chai v. Gonzales*, 159 Fed. Appx. 256 (2d Cir.2005), and *Xiu Min Wang v. U.S. Dep't of Justice*, 154 Fed.Appx. 251 (2d Cir.2005). While Wen does not provide a docket number or other identifying information for *Xiu Min Wang*, based on the name provided and the context, we assume, as did the government, that Wen is referring to the above-noted summary order.

2. The summary orders cited present situations distinct from the present case, where we remanded either because the BIA applied the erroneous legal standard or the BIA failed to consider relevant evidence in the record and failed to make a determination as to the validity of petitioner's claim.

that forcible sterilization of parents of two or more children was an official policy in petitioner's home province and that this policy applies to parents whose children were born abroad, because both parties asked us to remand. *Id.* at 51, 54. We declined to decide whether we have inherent power to remand where both parties do not so agree. *Id.* at 54–55. Even if we have inherent authority to remand, however, we will not exercise it to remand a case with instructions for the BIA to consider new evidence that was not in the record before the BIA, as in this case. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007).[3]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot. Petitioner's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Federal Communications Commission, John and Jane Doe 1–20, Defendants.**

**No. 07–0475–cv.**

**United States Court of Appeals, Second Circuit.**

**Jan. 15, 2009.**

---

**3.** The serious deficiencies in the representation provided by Wen's attorney, Tina Howe, compel us to express our concern. Among other defects in her representation, Howe's briefing was of very poor quality, she made a nearly unintelligible argument that the "impact" of Wen's children constituted a changed country condition, and she cited to summary orders from 2005 in violation of Second Circuit Local Rule § 32.1. Counsel is warned that continuing conduct of this nature could result in the initiation of disciplinary proceedings against her. *See* Fed. R.App. P. 46(b), (c).